UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23831

AUGUSTO EDUARDO LOAIZA LEMUS,

  Plaintiff,

vs.

PROJECTOTRES LLC,
LILIANA SERVIN, and
JORGE CHALL PEREZ,

  Defendants.

_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

  Plaintiff, Augusto Eduardo Loaiza Lemus, sues Defendants, Projectotres LLC, Liliana Servin and Jorge Chall Perez, for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

  1. **Plaintiff, Augusto Eduardo Loaiza Lemus**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

  2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

  3. Plaintiff was a non-exempt employee of Defendants.

  4. Plaintiff consents to participate in this lawsuit

  5. **Defendant, Projectotres LLC**, is a Florida limited liability corporation that conducts business in Florida, and it is *sui juris*. It maintains its office and principal place of business in Kissimmee, Osceola County, Florida.

  6. **Defendant, Liliana Servin**, was and an owner/officer/director the corporate

1

Defendant at all times material, ran its day-to-day operations, and was partially or totally responsible for paying Plaintiff's wages.

7.      **Defendant, Jorge Chall Perez**, also was and an owner/officer/director the corporate Defendant at all times material, ran its day-to-day operations, and was partially or totally responsible for paying Plaintiff's wages.

8.      Defendants engaged Plaintiff to work from within this District, actually performed work in this District, and were responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, Plaintiff performed work for Defendants at real property located in this District, and Defendants and were required to and actually paid Plaintiff for his work in this District.

10.      This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

### *Background Facts*

11.      Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

12.      Defendants have at all times material engaged in interstate commerce in the course of their provision of electrical contracting services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

2

13.     In addition, Defendants engaged in interstate commerce in the course of their performance of electrical contracting in Florida and in North Carolina.

14.     Furthermore, Defendants engage in interstate commerce in the course of their submission of payments for goods and receipt of payment from out-of-state payors.

15.     In particular, Defendants own and operate an electrical contracting company that purchases, sells, installs, and services electrical systems, components, products and materials that that have moved through interstate commerce.

16.     Defendants also sold and/or re-sold electrical wiring components, electrical outlets, junction boxes, wires, conduits, and equipment that moved through interstate commerce.

17.     Defendants conducted their business using vehicles, tools, equipment, machinery, materials, and supplies that moved through interstate commerce as well as moving their workers to and from Florida to North Carolina using airplanes and/or other means of transportation.

18.     Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his performing electrical work for Defendants at residential and commercial buildings in North Carolina and in South Florida that included the installation of goods, supplies, materials, and equipment that traveled in interstate commerce prior to his handling of same and prior to being incorporated into a Change Order by and/or for Defendants.

20.     Plaintiff worked for Defendant from approximately December 4, 2018 to May 29, 2019 and from July 8, 2019 to August 17, 2019 performing electrical work.

3

21.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

22.     Defendant paid Plaintiff at an hourly rate of pay, which began at $14.00/hour and then increased until he began receiving $18.000 in February 2019.

### *Liability*

23.     Plaintiff regularly worked approximately 12 hours of overtime (52 hours per week) for Defendants from approximately the middle of January 2019 until May 29, 2019 for which Defendants paid him by check at his regular rate(s) of pay.

24.     Plaintiff then worked approximately 70 to 80 hours per week between approximately July 8, 2019 and August 17, 2019, for which Defendants paid him by check at his regular rate of pay of $18.00 per hour.

25.     Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

26.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the past three years.

27.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant was not required to pay overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

28.     Plaintiff is entitled to a back-pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

29.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

30.     All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

WHEREFORE Plaintiff, Augusto Eduardo Loaiza Lemus, demands the entry of a judgment in his favor and against Defendants, Projectotres LLC, Liliana Servin and Jorge Chall Perez, jointly and severally, after trial by jury and as follows:

a.      That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.      That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.      That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.      That Plaintiff recovers all interest allowed by law;

e.      That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.      That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.      Such other and further relief as the Court deems just and proper.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FLORIDA 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated this <u>13th</u> day of September, 2019.

Respectfully Submitted,


<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
*Counsel for Plaintiff*
7300 North Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884

6